IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3190-FL

| | | |
|---|---|---|
| MICHAEL SCOTT PERKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER WHITE; RUBY WILLIAMS; | ) | ORDER |
| JAMES BAINES; LIEUTENANT | ) | |
| WRIGHT; VANCE COUNTY BOARD | ) | |
| OF COMMISSIONERS; WESTERN | ) | |
| SURETY COMPANY; and CNA | ) | |
| SURETY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on plaintiff's motion for voluntary dismissal (DE # 18), motion to withdraw voluntary dismissal (DE # 20), and motion for an extension of time to file an amended complaint (DE # 21). Defendants responded to plaintiff's motion to withdraw his voluntary dismissal. In this posture, the issues raised are ripe for adjudication.

On May 24, 2012, plaintiff filed a motion for voluntary dismissal pursuant to Rule 41(a)(1). A notice for voluntary dismissal is self-executing and no judicial approval is required. See Jones, Blechman, Woltz & Kelly, PC v. Babakaeva, 375 F. App'x 349, at *1 (4th Cir. Apr. 21, 2010) ("[T]he voluntary dismissal became effective upon filing of the notice with the clerk of the district court. At that point, the action terminated, and the district court was divested of jurisdiction.") (citations omitted); Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993); Miller v. Underwood, 894 F.2d 402, 1990 WL 2277, * 1 (4th Cir. Jan. 5, 1990 ) (citing Long

v. Board of Pardons and Paroles of Texas, 725 F.2d 306 (5th Cir. 1984). Further, a petitioner may not attempt to withdraw his voluntary dismissal subsequent to its filing, because the dismissal is effective upon filing and no further proceedings are proper. See Shlikas v. Wake Forest Univ., No. 1:97CV01188, 1999 WL 1939241, *2 (M.D.N.C. May 26, 1999).

Based upon the foregoing, petitioner's motion for voluntary dismissal (DE # 18) is GRANTED, and his motion to withdraw his voluntary dismissal (DE # 20) is DENIED. Because the court denied petitioner's motion to withdraw his voluntary dismissal, the court DENIES as moot plaintiff's motion for an extension of time to file his amended complaint (DE # 21). The action is DISMISSED without prejudice, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 21 day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge